UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

James Whitcomb,

                    Plaintiff,

              -against-

                                          Case No. ____

Weisman Holding Corporation; Homewood Holding Company, LLC; Homewood 2nd Site Holding Company, LLC; Posen Dispensary Holding Company, LLC; Posen 2nd Site Holding Company, LLC; Compass Dispensary Holdings, LLC; WCCC, LLC; and Compass Dispensary Management, LLC,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff James Whitcomb, by and through his undersigned counsel, and for his Complaint for Declaratory and Injunctive Relief against Defendants Weisman Holding Corporation; Homewood Holding Company, LLC; Homewood 2nd Site Holding Company, LLC; Posen Dispensary Holding Company, LLC; Posen 2nd Site Holding Company, LLC; Compass Dispensary Holdings, LLC; WCCC, LLC; and Compass Dispensary Management, LLC (collectively, "Defendants"), respectively alleges as follows:

**PRELIMINARY STATEMENT**

1.      This action arises out of Defendants' improper attempt to force Mr. Whitcomb to arbitrate claims Defendants have asserted against him in a demand for arbitration (the "Demand") filed with the American Arbitration Association titled *Weisman Holding Corp.,*

*et al. v. Parallel Illinois, LLC, et al.*, AAA Case No. 01 22 0002 3147 (the "AAA Arbitration") on June 1, 2022. The Demand is attached hereto as Exhibit A.

2. The Demand purports to bring claims against Mr. Whitcomb and others allegedly arising out of a purchase agreement that contains a mandatory arbitration provision. But Mr. Whitcomb is not a party to the purchase agreement and is not bound by its provisions, including the arbitration provision. Nor has Mr. Whitcomb separately agreed to arbitrate claims of any kind with the Defendants.

3. Mr. Whitcomb brings this action seeking a declaratory judgment that he is not bound to arbitrate any claims with Defendants or any claims purportedly arising out of the purchase agreement and to enjoin Defendants from proceeding with the AAA Arbitration against him.

## RELEVANT FACTUAL BACKGROUND

### A. The Parties

*Plaintiff*

4. Mr. Whitcomb is the current Chief Executive Officer of SH Parent, Inc. ("SH Parent" or "Parallel") and the Secretary of the Board of Directors of Parallel Illinois, LLC ("Parallel Illinois"). Mr. Whitcomb assumed the role of Chief Executive Officer of Parallel in November 19, 2021. Prior to becoming CEO, Mr. Whitcomb was the Chief Development Officer of Parallel from October 2019 to November 2021 and the Chief Financial Officer from August 2016 to October 2019. Mr. Whitcomb has been a member of the Board of Directors of Parallel since 2018 and has served as the Secretary of the Board since joining. Mr. Whitcomb has also been a member of the Board of Directors of Parallel Illinois and its Secretary since

Parallel Illinois' formation in January 2021.  Mr. Whitcomb is named as a respondent in the AAA Arbitration.  (Ex. A. at ¶ 21.)  Mr. Whitcomb is a resident of the state of Connecticut.

***Defendants***

5.  As alleged in Defendants' Demand, Defendant Weisman Holding Corporation ("WHC") is a Delaware corporation with its principal place of business in Illinois.  WHC is a claimant in the AAA Arbitration.  (Ex. A at ¶ 10.)

6.  As alleged in Defendants' Demand, Defendant Homewood Holding Company, LLC ("Homewood") is a limited liability company organized under the laws of Illinois.  (*Id.* at ¶ 11.)  Upon information and belief, WHC owns 100% of the issued and outstanding membership interests in Homewood.  (*Id.* at ¶ 10.)  Homewood is a claimant in the AAA Arbitration.  (*Id.* at ¶ 11.)

7.  As alleged in Defendants' Demand, Defendant Homewood 2nd Site Holding Company, LLC ("Homewood 2") is a limited liability company organized under the laws of Illinois.  (*Id.* at ¶ 12.)  Upon information and belief, WHC owns 100% of the issued and outstanding membership interests in Homewood 2.  (*Id.* at ¶ 10.)  Homewood 2 is a claimant in the AAA Arbitration.  (*Id.* at ¶ 12.)

8.  As alleged in Defendants' Demand, Defendant Posen Dispensary Holding Company, LLC ("Posen") is a limited liability company organized under the laws of Illinois. (*Id.* at ¶ 13.)  Upon information and belief, WHC owns 100% of the issued and outstanding membership interests in Posen.  (*Id.* at ¶ 10.)  Posen is a claimant in the AAA Arbitration.  (*Id.* at ¶ 13.)

9.  As alleged in Defendants' Demand, Defendant Posen 2nd Site Holding Company, LLC ("Posen 2") is a limited liability company organized under the laws of Illinois.

(*Id.* at ¶14.) Upon information and belief, WHC owns 100% of the issued and outstanding membership interests in Posen 2. (*Id.* at ¶ 10.) Posen 2 is a claimant in the AAA Arbitration. (*Id.* at ¶14.)

10. As alleged in Defendants' Demand, Defendant Compass Dispensary Holdings, LLC ("Compass") is a limited liability company organized under the laws of Illinois. (*Id.* at ¶ 15.) Upon information and belief, WHC owns 100% of the issued and outstanding membership interests in Compass. (*Id.* at ¶ 10.) Compass is a claimant in the AAA Arbitration. (*Id.* at ¶15.)

11. As alleged in Defendants' Demand, Defendant WCCC, LLC ("WCCC") is a limited liability company organized under the laws of Illinois. (*Id.* at ¶16.) Upon information and belief, WCCC's Managing Member is GR Companies, Inc. ("GR Companies"), which according to public filings is an Illinois corporation with its principal place of business in Illinois. Upon information and belief, and subject to jurisdictional discovery as may be necessary, there are no members of WCCC who destroy diversity jurisdiction. WCCC is a claimant in the AAA Arbitration. (Ex. A at ¶ 16.)

12. As alleged in Defendants' Demand, Defendant Compass Dispensary Management, LLC ("Compass 2") is a limited liability company organized under the laws of Illinois. (*Id.* at ¶ 17.) Upon information and belief, Compass 2's Managing Member is GR Companies. Upon information and belief, and subject to jurisdictional discovery as may be necessary, there are no members of Compass 2 who destroy diversity jurisdiction. Compass 2 is a claimant in the AAA Arbitration. (*Id.*)

*Relevant Non-Parties*

13. SH Parent is a multi-state cannabis operator located in the United States that does business as "Parallel." SH Parent is a named respondent in the AAA Arbitration. (*Id.* at ¶ 19.)

14. Parallel Illinois is a limited liability company registered with the state of Illinois. Parallel Illinois is a wholly owned subsidiary of Parallel and was formed on January 12, 2021, [for the purpose of facilitating the acquisition of certain cannabis companies on behalf of Parallel.] Parallel Illinois is a named respondent in the AAA Arbitration. (*Id.* at ¶ 18.)

15. William "Beau" Wrigley, Jr. is the former CEO of Parallel, a role he served in until November 2021 when Mr. Whitcomb assumed the position. Mr. Wrigley is a named respondent in the AAA Arbitration. (*Id.* at ¶ 20.)

    **B.**    **Parallel Enters Into a Purchase Agreement With the Defendants**

16. On or about April 1, 2021, SH Parent and Parallel Illinois entered into a purchase agreement with Defendants, whereby Parallel Illinois agreed to purchase six cannabis dispensaries located in Chicago from Defendants (the "Purchase Agreement"). The Purchase Agreement is attached hereto as Exhibit B.

17. The Purchase Agreement contains a mandatory arbitration provision between the parties to the contract, which states:

> Each of the ***parties*** irrevocably agrees that . . . any and all controversies and claims that may arise between the parties hereto concerning, arising out of or relating to this Agreement or any other document, instrument or agreement entered into in connection with this Agreement, or the breach hereof or thereof, shall be exclusively referred to and settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

(Ex. B, § 12.11 (emphasis added).)

18. The Purchase Agreement also contains a non-recourse provision explicitly providing that any claim arising out of or related to the Purchase Agreement may only be brought against the named parties—*i.e.*, SH Parent, Parallel Illinois, and Defendants—and waiving and releasing all liability and obligations against, amongst others, any past, present or future director, officer, employer or agent of each of the parties. Specifically, Section 12.14 of the Purchase Agreement states:

> This Agreement may only be enforced against, and any claim or suit based upon, arising out of, or related to this Agreement, or the ***negotiation***, ***execution*** or performance of this Agreement, may only be brought against the ***named parties*** to this Agreement and then only with respect to the specific obligations set forth herein with respect to the named parties to this Agreement . . . . ***No Person who is not a named party to this Agreement, including any past, present or future director, officer, employee***, incorporator, member, manager, partner, stockholder, Affiliate, ***agent***, attorney or Representative of the Companies . . . will have or be subject to any liability or indemnification obligation (whether in contract, tort, equity or otherwise) any claim based on, in respect of, or by reason of, the sale and purchase of the Companies or any Company Group member, including any alleged non-disclosure or misrepresentation made by any such Persons, in each case, regardless of the legal theory under which such liability or obligation may be sought to be imposed, whether sounding in contract or tort, or whether at law or in equity or otherwise; and each party waives and releases all such liabilities and obligations against any such Persons.

(*Id.* § 12.14 (emphasis added).)

19. Mr. Whitcomb executed the Purchase Agreement on behalf of Parallel Illinois as its Secretary and on behalf of SH Parent as its Chief Development Officer and Secretary, but is not a party to it.

20. Mr. Whitcomb was authorized to sign the Purchase Agreement pursuant to a Unanimous Written Consent of the Board of Directors, effective as of March 30, 2021, which authorized the officers of Parallel to execute and deliver all agreements, instruments and documents necessary to effectuate the Purchase Agreement in the name and on behalf of the Company (the "Written Consent"). The Written Consent is attached hereto as Exhibit C.

  **C.** **The AAA Arbitration**

  21. On June 1, 2022, Defendants commenced the AAA Arbitration by filing a Demand for Arbitration against Mr. Whitcomb and non-parties to this action Parallel Illinois, SH Parent, and Wrigley. (Ex. A.)

  22. The Demand purports to assert three claims, which it claims arise out of the Purchase Agreement: (1) breach of contract against Parallel; (2) fraud against Parallel, Messrs. Wrigley and Whitcomb; and (3) fraud-piercing the corporate veil against Mr. Wrigley. (*Id.*) The cover sheet to the Demand seeks damages in the amount of $80 million plus unpaid earn-out (minus any amounts received in mitigation by selling the dispensaries) and additional losses. (*Id.*)

## JURISDICTION AND VENUE

  23. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332, in that it is a civil action in which the amount in controversy exceeds $75,000 and arises between citizens of different states.

  24. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## COUNT I
## DECLARATORY JUDGMENT

  25. Mr. Whitcomb re-alleges Paragraphs 1 through 24 as if fully re-written herein.

  26. An actual controversy exists between the parties in this case, and a declaration of the rights of the parties would terminate the controversy.

7

27. Defendants have named Mr. Whitcomb as a respondent in the Demand and have asserted that Mr. Whitcomb is bound by the arbitration clause in the Purchase Agreement. (Ex. A at ¶ 23.)

28. However, Mr. Whitcomb is not a party to the Purchase Agreement. Mr. Whitcomb signed the Purchase Agreement on behalf of and in the name of SH Parent and Parallel Illinois. In doing so, he did not agree to become a party to the Purchase Agreement or be bound by its terms. Thus, Mr. Whitcomb is not bound by the arbitration clause contained in the Purchase Agreement.

29. Mr. Whitcomb also did not separately agree to arbitrate disputes of any kind with the Defendants.

30. Mr. Whitcomb is entitled to a declaration that: (i) he is not bound to arbitrate any claims allegedly arising out of the Purchase Agreement; (ii) no valid arbitration agreement exists between him and Defendants; and (iii) he has no obligation to participate in the AAA Arbitration, is beyond the jurisdiction of the AAA arbitrators, and will not otherwise be bound by any determinations, findings, conclusions, orders, or awards made in or rendered as a result of the AAA Arbitration.

WHEREFORE, Plaintiff James Whitcomb respectfully requests that this Court enter an Order:

A. Declaring that he is not bound to arbitrate any claim allegedly arising out of the Purchase Agreement;

B. Declaring that no valid arbitration agreement exists between Defendants and Mr. Whitcomb;

    C. Declaring that Mr. Whitcomb has no obligation to participate in the AAA Arbitration, is beyond the jurisdiction of the AAA arbitrators, and will otherwise not be bound by any determinations, findings, conclusions, orders, or awards made in or rendered as a result of the AAA Arbitration;

    D. Awarding Mr. Whitcomb his actual costs and attorneys' fees incurred in connection with this matter; and

    E. Providing any further relief the Court deems just and proper.

## COUNT II
## INJUNCTIVE RELIEF

31. Mr. Whitcomb re-alleges Paragraphs 1 through 24 as if fully re-written herein.

32. Defendants have named Mr. Whitcomb as a respondent in the Demand and have asserted that Mr. Whitcomb is bound by the arbitration clause in the Purchase Agreement.

33. However, Mr. Whitcomb is not a party to the Purchase Agreement. Mr. Whitcomb signed the Purchase Agreement on behalf of and in the name of SH Parent and Parallel Illinois. In doing so, he did not agree to become a party to the Purchase Agreement or be bound by its terms. Thus, Mr. Whitcomb is not bound by the arbitration clause contained in the Purchase Agreement.

34. Mr. Whitcomb also did not separately agree to arbitrate disputes of any kind with the Defendants.

35. Defendants should be enjoined from prosecuting any claims against, proceeding as to, or otherwise maintaining or continuing the AAA Arbitration against Mr. Whitcomb.

36. Mr. Whitcomb has no adequate remedy at law because arbitration of Defendants' claims: (i) will force Mr. Whitcomb to submit to arbitration claims he never agreed

9

to arbitrate and (ii) threatens to prejudice Mr. Whitcomb's legal rights in the event that the AAA Arbitration goes forward against him.

37. Unless enjoined by the Court, Defendants' assertion of claims against Mr. Whitcomb in the AAA Arbitration will cause him to suffer irreparable harm by depriving him, without his consent, of his right to a judicial determination of the merits, if any, of Defendants' claims.

WHEREFORE, Plaintiff James Whitcomb respectfully requests that this Court enter an Order:

A. Granting a preliminary and permanent injunction enjoining Defendants, and any individual or entity in active concert or participation with it, from prosecuting any claims against, proceeding as to, or otherwise maintaining or continuing the AAA Arbitration against Mr. Whitcomb;

B. Awarding Mr. Whitcomb his actual costs and attorneys' fees incurred in connection with this matter; and

C. Providing any further relief the Court deems just and proper.

Respectfully submitted,

/s/ Amy Van Gelder
Amy Van Gelder
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
155 North Upper Wacker Drive
Chicago, IL 60606
Phone: (312) 407-0700

Lauren Aguiar (*Pro Hac Vice Forthcoming*)
Ashley P. Grolig (*Pro Hac Vice Forthcoming*)
One Manhattan West
New York, New York 10001
Phone: (212) 735-3000

*Attorneys for Plaintiff James Whitcomb*

DATED: June 28, 2022